# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HABEBAH GHOULEH,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 07-2353-JAR |
| **MEDICAL EMPLOYMENT DIRECTORY, INC.,** | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

Plaintiff Habebah Ghouleh ("Plaintiff") and Defendant Medical Employment Directory, Inc. ("Defendant"), by their respective counsel, having stipulated to the terms of this Order, and the Court being fully advised in the premises, it is hereby **ORDERED**:

1. **Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private information from both parties and nonparties, including, for example, but not limited to, Defendant's confidential client information which Defendant considers a trade secret, Plaintiff's tax information and other private documents regarding Plaintiff's income and employment, confidential matters concerning Defendant's policies, procedures and training, Defendant's current and former employee's personnel files, and documents concerning Defendant's income and net worth. The privacy interests in such information substantially outweigh the public's right

of access to judicial records.  Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter, and the above-described documents, reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or work relationships.

2. **Confidential Information.**  The parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential.  The parties have further agreed that this shall include information relating to the following topics:  Defendant's non-public, confidential financial and/or net worth information, including tax returns, annual reports, profit and loss statements, and balance sheets; confidential proprietary information concerning Defendant, including without limitation, the confidential personnel and/or human resource files of any of Defendant's current or former employees and Defendant's client information; and financial and/or tax records relating to Plaintiff.

3. **Designating documents and interrogatory answers as confidential**.  Any party to this action may designate as confidential a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer as "Confidential" or "Confidential-Attorney's Eyes Only."  In addition, Defendant may redact its clients' information on documents produced in this case. Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or

labeled in such a fashion except as provided in this Order. The inadvertent failure to designate material as "Confidential" or "Confidential-Attorney's Eyes Only" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents, interrogatory answers, or deposition testimony relating to the subjects enumerated in paragraph 1 may be designated as "Confidential" or "Confidential-Attorney's Eyes Only." Parties to this action may also designate deposition testimony relating to the subjects enumerated in paragraph 1 above as "Confidential" or "Confidential-Attorney's Eyes Only" by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 1. Alternatively, any party may, on the record at the deposition, designate deposition testimony as "Confidential" or "Confidential-Attorney's Eyes Only" by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

4. **Disclosure of Confidential Information.** Any documents or interrogatory answers which are marked as "Confidential" or "Confidential-Attorney's Eyes Only" are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained in documents or interrogatory answers marked as "Confidential" is limited to:

(a) The parties;

(b) The parties' counsel, counsel's legal and clerical assistants and staff;

3

      (c)      Persons with prior knowledge of the documents or the Confidential Information contained therein;

      (d)      Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

      (e)      Any independent document reproduction services or document or video recording and retrieval services; and

      (f)      Any expert witness or outside consultant retained or consulted by the parties.

This order reflects that the Parties may elect to designate Materials as "Confidential –Attorney's Eyes Only," in which case Materials so designated or marked shall be permitted to be disclosed only to those parties included in the categories identified as (b), (d) and (f) above, unless otherwise agreed to by the Parties in writing.

Counsel shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order, and they shall agree to be bound prior to sharing this Confidential Information with them.

      5.      **Disputes Concerning Designation(s) of Confidential Information.**  In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as "Confidential" or "Confidential-Attorney's Eyes Only", the party shall first try to resolve the matter on an informal basis.  If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court.

      6.      **Binding Effect of This Order.**  This Order is binding upon the parties, their agents and employees, and all counsel for the parties and their agents and employees.

7. **Use of Confidential Information.** The parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by placing them in the public record in this case. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in the trial of this case. The parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

8. **Return of Confidential Information.** At the conclusion of this litigation the parties' respective counsel shall return all documents which fall under the scope of this Order, including all copies, with or without a request from the other party to do so. The parties, however, retain the right to keep any documents that were admitted as exhibits in this case.

**IT IS SO ORDERED**.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

Dated: January 30, 2008

Submitted by:

s/Katherine I. Tracy
Joseph R. Colantuono (#13440)
Katherine I. Tracy (#20807)
COLANTUONO & ASSOCIATES, L.L.C.
4601 College Blvd. Ste. 280
Leawood, Kansas 66211913.345.2555
913.345.2557 (facsimile)

**ATTORNEYS FOR DEFENDANT**

and

s/Albert F/ Kuhl
Albert F. Kuhl (KS # 12478)
LAW OFFICES OF ALBERT F. KUHL
11256 Strang Line RoadOlathe, Kansas 66215913.438.2760
913.327.8492 facsimile

**ATTORNEY FOR PLAINTIFF**